## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cr-10036-JES-JEH |
| | ) | |
| EUGENE HAYWOOD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# <u>ORDER AND OPINION</u>

Now before the Court is Defendant Haywood's Combined Motion (Doc. 571) for Relief from Pretrial Orders, or in the Alternative, Motion to Continue Trial Setting and Motion in Limine. Defendant Haywood raises numerous issues in his Motion. The Court will address each issue in the order presented in Defendant's Motion.

**(1) Objections to Motions in Limine Procedure**

First, Haywood argues that the Court's Proceedings at Trial Order (Doc. 507, as amended, Doc. 552)—requiring all evidentiary issues that reasonably should be raised prior to trial to be presented to the Court in a motion in limine—is unfairly prejudicial to the defense given the large amount of evidence the United States may seek to admit at trial. He thus asks for relief "from the orders requiring all evidentiary objections to be raised in motions in limine.…" Doc. 571, at 3.

Defendant Haywood's concerns in this regard are well-taken, and the Court will therefore elucidate further upon paragraph 2 of the Court's Proceedings at Trial Order. The Court does not intend at the October 9, 2019 hearing to address definitively every evidentiary issue that may plausibly develop during the course of this trial. The purpose of paragraph 2 of the Proceedings

1

at Trial Order was to require the parties to raise evidentiary issues in motions in limine that they *reasonably* should know will come up at trial. As Defendant Haywood notes, the Court did not attempt to define "reasonably." The Court believes that all counsel in this case are competent professionals capable of predicting the major evidentiary concerns likely to arise during the course of the trial. The Court is also cognizant of the fact that not all evidentiary issues are capable of identification by counsel pretrial or susceptible to resolution by the presiding judge prior to trial. Defendant's Motion is granted in this respect to the extent that the Court will not prohibit objections at trial that would not have been reasonably raised by counsel in motions in limine. However, the Court cautions the parties that this Order should not be construed as an invitation to postpone raising issues for a later date that can reasonably be addressed at this time.

**(2) Defendant's Motions in Limine**

*(a) Structure of Witness Testimony*

Next, Defendant Haywood moves in limine for an order permitting him to conduct Defendant's own direct examination of certain Government witnesses immediately after the United States concludes its direct examination. Doc. 571, at 4. Generally speaking, this request makes sense in terms of efficiency. However, given the nature of this case and the need for parties to present testimony and evidence in a manner that does not cause confusion, the Court will reserve ruling on this request and decide the issue once the United States has concluded its direct examination of the witness.

*(b) Out of Court Photo Identifications*

Defendant Haywood also moves in limine to prohibit the introduction of out of court photo identifications unless the witnesses are present to testify at trial. *Id*. at 4–5. He represents that the United States intends to present the identifying witnesses at trial, but if it cannot, it will

attempt to introduce the out of court identifications through other means, such as through hearsay testimony of law enforcement officers. He requests a pretrial ruling prohibiting the United States from referencing out of court identifications in opening statements and until it is determined the witness will be available to testify. The Court will address this issue at the Final Pretrial Conference after hearing arguments from the parties.

*(c) Nonverbal Conduct*

Defendant Haywood next raises an issue with the United States' intended introduction of a video recording alleged to contain footage of Haywood's nonverbal conduct while in an interrogation room; namely, Haywood's purported rubbing and wiping of his hands prior to submitting to a gunshot residue swab. Defendant asserts that other nonverbal conduct exhibited by Haywood in the video, i.e., grooming and cleaning himself, his clothing, and his shoes—is necessary to properly place the nonverbal conduct in context. Doc. 571, at 5. He thus requests an order directing the United States to show all such conduct, or none, and to not lift the 'hand rubbing" out of context.

Defendant's request is denied. He will have the opportunity to place the nonverbal conduct depicted in the video in context during cross examination or in his case in chief.

*(d) Motion in Limine to Prohibit Certain Improper Remarks*

Finally, Defendant asks the Court to prohibit the United States from making the following arguments or comments before the jury:

a. Endorsing, vouching or bolstering by the Government of any witness;

b. Personalizing the case (asking the jury to view the evidence from a personal perspective, i.e., "what if this was in your back yard, neighborhood, etc.");

c. Making reference to personal experience as a prosecutor/attorney or elicit testimony of personal experience of a law enforcement witness (i.e., "this is the worst case I've ever seen," "in all my years, I've never heard…");

d. Making personal or disparaging comments directed to any Defendant or the defense attorneys;

e. Making comparisons to the relative wealth/knowledge/experience of the defense attorneys as to each other or counsel for the Government;

f. Making an argument or posing a question in the voice of or as a narrative of any victim, whether deceased or not;

g. Appealing to the jury's duty to the community, district or nation, or any other argument that asks the jury to evaluate the case outside the scope of the evidence and instructions;

h. Commenting on the failure of any Defendant to testify at trial;

i. Offer any personal opinion on the value of any evidence, witness or any of the defenses advanced;

j. Making any argument or statement that suggests directly, or impliedly, that the Defendant has an obligation or burden with respect to any aspect of the case; and

k. Identifying any Defendant in court, either directly or indirectly, or through nonverbal conduct, prior to the time a witness is asked to identify a Defendant in court.

Doc. 571, at 5–6.

The Court intends to grant Defendant's requests but will reserve on the issue until the Final Pretrial Conference after hearing arguments from the parties.

**CONCLUSION**

For the reasons set forth above, Defendant Haywood's Combined Motion (Doc. 571) for Relief from Pretrial Orders, or in the Alternative, Motion to Continue Trial Setting and Motion in Limine is GRANTED in part and DENIED in part.


Signed on this 8th day of October, 2019.

s/ James E. Shadid
James E. Shadid
United States District Judge
